734 April 22, 2026 No. 331

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

T. P.,
*Petitioner-Respondent,*

*v.*

SHANE ARCHER,
*Respondent-Appellant.*

Curry County Circuit Court
25PO02168; A187359

Jesse C. Margolis, Judge.

Argued and submitted March 18, 2026.

David Wallace argued the cause for appellant. Also on the brief was Wallace Law Firm.

No appearance for respondent.

Before Tookey, Presiding Judge, Jacquot, Judge, and Kistler, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant challenges the sufficiency of the evidence for the trial court's entry of a restraining order under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735. The trial court affirmed the order after a contested hearing on April 2, 2025. Both parties appeared *pro se.* Appellant appealed; petitioner did not appear on appeal.

Absent an error of law, we affirm a trial court's entry of a restraining order if there is "any evidence in the record" supporting the trial court's findings.[1] *E. H. v. Byrne*, 311 Or App 415, 416, 487 P3d 869 (2021). We review legal conclusions for errors of law, view the evidence in the light most favorable to the prevailing party, and presume the trial court resolved factual disputes consistent with its ruling. *H. L. P. v. Jones*, 309 Or App 108, 109, 481 P3d 415 (2021).

We have reviewed the record and the trial court's thoughtful oral ruling, which provides a more complete review of the facts than appellant's briefing and argument. The evidence in the record supports the trial court's findings, and the trial court correctly identified and applied the applicable law. Based on our review, we affirm the trial court's order.

Affirmed.

---

[1] Appellant requests that, because FAPA proceedings are equitable in nature, we review this case *de novo* under ORS 19.415(3)(b) and cites *Hanzo v. deParrie*, 152 Or App 525, 537, 953 P2d 1130 (1998) and ORAP 5.40(8)(a). Appellant argues that *de novo* review is appropriate where the trial court's ruling turns on a legal conclusion that "symbolic, non-threatening conduct qualified as 'abuse' under ORS 107.705(1)(b)." This is not an exceptional case, and we decline.